UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X
                                              :

EDWARD A. RUFFO, individually and on behalf  :
of all others similarly situated,

                                              :

                            Plaintiff,        :

          -against-                       :

                                              :

ADIDAS AMERICA INC.,                  :

                                              :

                            Defendant.   :

--------------------------------------------------------------- X

**OPINION AND ORDER
DENYING CLASS
CERTIFICATION**

15 Civ. 5989 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff Edward Ruffo brought this consumer class action against Defendant

Adidas, alleging violations of the New York Deceptive Acts and Practices Act, the Oregon

Unlawful Trade Practices Act, and forty-six similar state statutes, as well as claims for breach of

warranty and unjust enrichment, presumably under New York law. Plaintiff now moves for

certification pursuant to Fed. R. Civ. P. 23 of a nationwide class of purchasers of defendant's

SpringBlade sneakers, as well as a New York Subclass consisting of all New York residents who

purchased the allegedly defective shoes. For the following reasons, the motion is denied in its

entirety.

## BACKGROUND

        Plaintiff claims that the SpringBlade sneaker, manufactured by defendant adidas,

was defectively designed and manufactured. Complaint ¶ 9. Specifically, he claims that the

"midsole" of the sneaker, which consists of "two pieces of semi-rigid plastic [which] are bonded

together, is especially problematic and prone to delamination." *Id.* ¶ 14. Photographs in the

complaint depict the alleged defect, and show that the sole, designed to function as a spring,

peeled off from the bottom of the shoe. *Id.* ¶ 15 and accompanying photographs.  Plaintiff purchased "several pairs" of the sneakers from third-party retailers such as amazon.com, Dick's Sporting Goods, and also directly from Adidas.com. *Id.* ¶  The complaint alleges that "after only a few days of use limited to running on a treadmill, each pair of Plaintiff's SpringBlades failed at the bonding between two semi-rigid components at the forefoot flex area." *Id.* ¶ 27.  The Complaint recounts that plaintiff visited various online forums related to running equipment, including sneakers, and learned that other purchasers had experienced the same defect.  *Id.* ¶ 30. Plaintiff claims he attempted to contact Adidas and that no one responded to his complaints. *Id.* ¶ 29.

The complaint states five causes of action.  Count 1 of the complaint alleges breach of express warranty, a claim under New York contract law, on behalf of the nationwide class and New York subclass. Count two similarly alleges breach of implied warranty under New York Contract law. Count three alleges unjust enrichment. Count four, asserted on behalf of the nationwide class and the New York sub-class, alleges violations of the New York Deceptive Acts and Practices Act "and various consumer protection acts of other states," and includes a list of forty-six state statutes allegedly violated.  Count five, also asserted on behalf of the nationwide class and New York subclass, alleges violations of the Oregon Unlawful Trade Practices Act. OR Rev. State. §§ 646.608.

## CLASS CERTIFICATION

Under Rule 23, the prerequisites for maintaining a class action are numerosity, commonality, typicality, and adequacy of representation. Fed R. Civ. P. 23(a). *Johnson v. Nextel Commc'ns Inc.,* 780 F.3d 128, 137 (2d Cir. 2015). If an action satisfies those prerequisites, it may be certified if it also satisfies one of the three parts of Rule 23(b).  Rule 23(b)(3), the applicable

subsection here, permits certification of a class if the plaintiff establishes "(1) predominance—'that the questions of law or fact common to class members predominate over any questions affecting only individual members'; and (2) superiority—'that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'" *Id.* (quoting Fed. R. Civ. P. 23(b)(3)). "Predominance is satisfied 'if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof.'" *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 405 (2d Cir. 2015) (quoting *Catholic Healthcare W. v. U.S. Foodservice Inc. (In re U.S. Foodservice Inc. Pricing Litig.)*, 729 F.3d 108, 118 (2d Cir. 2013).

      The Second Circuit has also recognized the "implied requirement of ascertainability." *Miles v. Merrill Lynch & Co. (In re Initial Pub. Offerings Sec. Litig.)*, 471 F.3d 24, 30 (2d Cir. 2005), *clarified and reh'g denied,* 483 F.3d 70 (2d Cir. 2006) (mem.). That requirement ensures that "the class is 'sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member.'" *Brecher v. Republic of Argentina,* 802 F.3d 303, 304 (2d Cir. 2015) (quoting 7A Wright & Miller, Federal Practice & Procedure § 1760 (3d ed.1998)).

      In evaluating whether Rule 23's requirements are met, the Court conducts a "rigorous analysis," probing whether the plaintiffs have "in fact" proven each of the requirements. *Comcast Corp. v. Behrend,* 133 S.Ct. 1426, 1432–33 (2013) (quoting *Wal–Mart Inc. v. Dukes,* 131 S.Ct. 2541, 2551–52 (2011)). The Court must look "behind the pleadings," even if such an inquiry "overlap[s] with the merits of the plaintiff[s'] underlying claim," and determine if the plaintiffs have demonstrated the Rule 23 requirements by a preponderance of the

3

evidence. *Id.; see Pa. Pub. Sch. Emp's. Ret. Sys. v. Morgan Stanley & Co.,* 772 F.3d 111, 119 (2d Cir. 2014).

## DISCUSSION

Adidas raises serious questions about whether Plaintiffs have satisfied Rule 23(a), especially regarding requirements of typicality and adequacy of representation. The Court need not address those arguments, however, because Plaintiffs have not satisfied the predominance or ascertainability requirements. *See In re Avon Anti-Aging Skincare Creams & Prod. Mktg. & Sales Practices Litig.*, No. 13-CV-150 JPO, 2015 WL 5730022, at \*3 (S.D.N.Y. Sept. 30, 2015), *appeal withdrawn* (Nov. 10, 2015). For the nationwide class and New York subclass proposed by plaintiff, the members of each class are not reasonably ascertainable, or manageable.

Adidas also points out that the majority of Springblade sneakers were sold wholesale by Adidas to stores such as Dick's Sporting Goods and Footlocker. Adidas has no records of the consumers who purchased the shoes, and assuming a class could be certified, the identification of class members will be near impossible. *See Weiner v. Snapple Beverage Corp.,* No. 07–CV–8742, 2010 WL 3119452, at \*13 (S.D.N.Y. Aug. 5, 2010) (finding class of "potentially millions" not to be ascertainable because, among other reasons, "putative class members [were] unlikely to remember accurately every Snapple purchase during the class period"). While millions of plaintiffs are not at issue in this case, 894,929 pairs of Springblade sneakers have been manufactured by Adidas and sold in the United States. Decl. of Debbie Wright in Opp'n. (Dkt. No. 41 at 1). The consumer, for whom plaintiff wishes to certify a class, cannot be tracked down, either to be served or to be benefitted or bound by any recovery. *See* Fed. R. Civ. P. 23(c)(2)(B) ("For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual

4

notice to all members who can be identified through reasonable effort."); *In re Avon*, 2015 WL 5730022, at \*3. Though class members need not be ascertained prior to class certification, a class is not ascertainable "when identifying its members would [] require a mini-hearing on the merits of each case." *Weiner,* 2010 WL 3119452, at \*13. Such hearings would be required in this case,

Predominance is not satisfied for any of the five causes of action. A wide range of individualized issues will need to be established for every plaintiff. The claim for express breach of warranty under New York law, requires a plaintiff to show reliance on advertising and marketing. *See Brady v. Basic Research, L.L.C.*, 101 F. Supp. 3d 217, 235 (E.D.N.Y. 2015) (citing *CBS Inc. v. Ziff–Davis Pub. Co.,* 75 N.Y.2d 496, 554 N.Y.S.2d 449, 553 N.E.2d 997, 1000–01 (1990)). While the complaint alleges that plaintiff relied on Adidas advertising, this element would need to be established for each plaintiff in order to prevail on Count one.

Further, plaintiff has not established that the members of the class he proposes are entitled to damages, or suffered any harm. In fact, the limited discovery carried out so far suggests that for Springblade sneakers, Adidas internal databases show a defect return rate of approximately 0.7%. Decl. of Debbie Wright in Opp'n. (Dkt. No. 41 at 1). While not every purchaser of defective sneakers would return them, this number seriously undermines the proposition that *every person* who bought the Springblade shoes eventually experienced harm due to the alleged defect. Even if plaintiffs limited the class to those whose Springblades suffered from a defect, they would still need to demonstrate that this defect caused each class member's" shoes to delaminate. Defendants point out that a runner's use of the shoes can vary, and that almost all running shoes eventually wear out. *Cf. Oscar v. BMW of N. Am., LLC*, 274 F.R.D. 498, 511 (S.D.N.Y. 2011) (denying certification based on a defect that caused tires to puncture, and noting the many different causes for that outcome).

While issues of predominance and ascertainability preclude even the certification of the New York subclass, nationwide certification requires that "plaintiffs bear the burden of providing an extensive analysis of state law variations to determine whether there are 'insuperable obstacles' to class certification." *In re Currency Conversion Fee Antitrust Litig.*, 230 F.R.D. 303, 311–12 (S.D.N.Y. 2004); *see also Steinberg v. Nationwide Mut. Ins. Co.*, 224 F.R.D. 67, 76 (E.D.N.Y. 2004). "[V]ariations in state law may swamp any common issues and defeat predominance." *In re Currency Conversion Fee Antitrust Litig.*, 230 F.R.D. 303, 311–12 (S.D.N.Y. 2004) (quoting *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 741 (5th Cir. 1996)) (internal quotation marks omitted); *In re Rezulin Prods. Liab. Litig.*, 210 F.R.D. 61, 67–68 (S.D.N.Y. 2002) (noting that claims of consumer fraud would require a court to apply "the laws of all fifty states to determine the need for proving such matters as intent, reliance, causation and injury before even addressing the form and extent of any relief that might be appropriate"). The differing state laws applicable to putative class members' claims "compound the individualized issues identified above." *In re Grand Theft Auto Video Game Consumer Litig.*, 251 F.R.D. 139, 158 (S.D.N.Y. 2008) (*citing Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 624, 117 S. Ct. 2231, 2250, 138 L. Ed. 2d 689 (1997)). Nationwide certification in this case is impracticable—differences in the forty-six warranty and consumer protection laws listed in Count 3 of the Complaint, enumerated by defendants in Exhibit A to the declaration of Francis Earley (Dkt. No. 43-1)—defeat predominance entirely.

6

## CONCLUSION

Plaintiff's motion to certify the class is denied. The Clerk shall mark the motion

(Doc. No. 35) terminated.

SO ORDERED

Dated:      Sept. 2, 2016
           New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

7